Joseph F. Hawkins, J.
The above relator’s two pending writs of habeas corpus have been consolidated; the first was originally returnable on September 25, 1970, and the latter on December 4, 1970. After several mesne adjournments, the matter was fully submitted on January 22, 1971.
By order dated April 23, 1970, pursuant to section 872 of the Code of Criminal Procedure, the relator was committed to the custody of the Commissioner of Mental Hygiene by the City Court of Rochester, New York. The order in question further recites that the relator was examined at the “ Court Psychiatric Clinic” by two psychiatrists; that due notice was given of such examination; and that the psychiatrists reported and the court accepted the finding that the relator was incapable of making his defense to the charge.
The said order designated Matteawan State Hospital as the place to which the relator was to be sent, and he was received there on May 4,1970, and continues in that institution’s custody. On May 22, 1970, however, relator was indicted by the Grand Jury of Monroe County for the crime of manslaughter in the first degree.
The two said petitions were drafted by the relator personally. Culling therefrom the gist of his plight, the relief sought is essentially that he be returned to the county in which he was indicted so that he may be arraigned and thereby avail himself of the rights flowing from such procedural safeguard. In opposition, respondent urges that the court may convert the relator’s detention, despite the recital that it was had under section 872 of the Code of Criminal Procedure, to one under section 662 and, consequently, may be deemed “in effect, a § 662b commitment ‘ nunc pro tunc ’.”
There appears to be no authority so to transform a commitment pursuant to section 872 into one under section 662; to do so would deprive the relator of such rights as would have been accorded to him had he been indicted prior to his commitment.
Significantly there is stricken from the “ Order for Commitment of Defendant Not Under Indictment ”, the preliminary decretal paragraph which recites that “ a hearing having been duly held, etc.” No such hearing had been held; nor is it contended that the relator was represented by counsel.
If the court were to accept the respondent’s contentions, the result would be to hold that one who has been arrested, but not indicted, by failing to contest the 30-day commitment, thereby waived his right to test his indefinite commitment and *600 Ms rig’M to have a trial of the charge for which he has been indicted. The only reasonable construction to accord to section 872, under the circumstances — and surely consistent with basic concepts of due process — is to hold that when a warrant has been issued predicated upon an indictment subsequently returned against a defendant, the director of the institution wherein such defendant is confined should be required to return his detainee to the county wherein he was indicted. This court further declines to hold there has been a waiver by the relator of such rights as would have been his subsequent to indictment.
Under these circumstances, the relator’s consolidated writs are granted to the extent of directing that the relator be returned to Monroe County for arraignment upon his indictment, and that such be held within 30 days from the date of the order to be entered hereon, with notice of entry, and for such further proceedings pursuant to section 658 et seq. of the Code of Criminal Procedure as may be deemed appropriate by the County Court, Monroe County.